08-5900-cv
McCormick v. Donovan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> DENNY CHIN,
> > *District Judge*.[*]

_____

ROSE MCCORMICK,

> *Plaintiff-Appellant*,

> v.                                                                                                          08-5900-cv

SHAUN DONOVAN, Secretary, U.S. Department
of Housing and Urban Development,

> *Defendant-Appellee*.[**]

_____

_____

[*] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

For Appellant:          ROSE MCCORMICK, *pro se*, New Rochelle, NY.

For Appellee:           DAVID BOBER and DAVID S. JONES, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney General for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Rose McCormick, *pro se*, appeals the district court's grant of the Defendant's motion to dismiss, pursuant to 28 U.S.C. § 1915(e)(2), her complaint alleging retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). Here, McCormick's complaint consisted of two categories of retaliation claims. The first concerned her allegation that employees of the Defendant and others engaged in a broad conspiracy to create and disseminate non-consensual pornographic videos of her using hidden cameras and other technology, and that the videotapes produced from these recordings were sold to thousands of individuals, and resulted in harassment and ridicule. The second category of allegations concerned disciplinary actions taken by McCormick's supervisors, who she alleged acted in retaliation for a complaint she filed in April 2002 about inadequate job training and other misconduct.

After a thorough and exhaustive review of McCormick's complaint, we conclude that the

2

district court correctly dismissed her conspiracy allegations under 28 U.S.C. § 1915(e)(2)(B)(i). With respect to McCormick's alleged disciplinary retaliation, we find that the district court also properly dismissed this claim. To set forth a *prima facie* case of retaliation under Title VII, a plaintiff must show that: (1) she engaged in a protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) a causal connection existed between the protected activity and the adverse action. *Kessler v. Westchester County Dep't of Social Servs.*, 461 F.3d 199, 205 (2d Cir. 2006). Assuming, *arguendo*, that McCormick satisfied the first three criteria, the only evidence in the record that could support the fourth criteria was the temporal proximity between her April 2002 complaint and the discipline she received.

Here, because McCormick filed her complaint in April 2002, and the first disciplinary action occurred in September 2003, this year and a half delay – without any additional evidence or special circumstances that would suggest causation – was insufficient to suggest a causal relationship between the two events so as to demonstrate a *prima facie* case of retaliation. Accordingly, the district court correctly dismissed this claim, as it failed as a matter of law.

We have considered all of McCormick's remaining claims and determine them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3